Carolyn Hunt Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Kristabel Sandoval (SBN 323714)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
ksandoval@schneiderwallace.com

*Attorneys for Plaintiff, on behalf of the Class
and Collective members*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ZERMENO, on behalf of the Class and Collective members,<br><br>Plaintiffs,<br><br>vs.<br><br>MARRIOTT INTERNATIONAL, INC.; MARRIOTT HOTEL SERVICES, INC. and REMINGTON LODGING & HOSPITALITY, LLC,<br><br>Defendants. | Case No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF:**<br>1. Fair Labor Standards Act;<br>2. Failure to Pay for All Hours Worked (Cal. Lab. Code § 204);<br>3. Failure to Pay All Gratuities Owed (Cal. Lab. Code § 351);<br>4. Failure to Pay Overtime Wages (Cal. Lab. Code § 510);<br>5. Intentional Interference with Advantageous Relations;<br>6. Conversion<br>7. Unjust Enrichment;<br>8. Failure to Authorize and Permit and/or Make Available Rest Periods (Cal. Lab. Code § 226.7);<br>9. Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Lab. Code § 226);<br>10. Waiting Time Penalties (Cal. Lab. Code §§ 201-203);<br>11. Failure to Provide Employee Records (Cal. Lab. Code §§ 1198.5, 432, and 226);<br>12. Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*);<br><br>**DEMAND FOR JURY TRIAL** |

# INTRODUCTION

1.     Plaintiff Benjamin Zermeno, individually and on behalf of all others similarly situated, brings this class and collective action against Defendants Marriott International, Inc., Marriott Hotel Services, Inc., and Remington Lodging & Hospitality, Inc. (collectively "Defendants") on behalf of individuals who have worked for either or both Defendants as servers, waiters, bartenders, lounge attendants, and other non-managerial service workers paid on an hourly basis, and have been subject to Defendants' service fee policies and practices. Throughout the relevant time period, Plaintiff and similarly situated workers have been denied payment for all hours worked, including gratuity payments and overtime, and have been denied rest periods that comply with California law. This case implicates Defendants' longstanding policies and practices, which fail to properly compensate non-exempt service workers for gratuities paid to them as tip wages, for work performed while "off-the-clock," and for missed rest periods.

2.     Defendants, jointly and/or separately, impose mandatory gratuities on the sale of food and beverages, but fails to distribute the total proceeds of those gratuities to non-managerial service employees as required by California law. This conduct violates California Labor Code § 351.

3.     Defendants also maintain a longstanding policy and/or practice of failing to properly compensate non-exempt employees for work performed while "off-the-clock" and for missed rest periods. These policies and practices deny Plaintiff, Class, and Collective members payment for all hours worked, including overtime, and deny Plaintiff and Class members rest periods that comply with California law.

4.     Defendants' conduct violates the FLSA because of the mandate that non-exempt employees, such as Plaintiff and the Collective members, be paid at one and one-half times their regular rate of pay for all hours worked in excess of forty within a single workweek. 29 U.S.C. § 207(a).

5.     Defendants violate California law by knowingly and willfully failing to authorize and/or permit Plaintiff and Class members to take all rest breaks to which they are entitled by law.

6.     Plaintiff, Class, and Collective members bring this claim to challenge Defendants'

policies and practices of: (1) failing to pay Plaintiff, Class, and Collective members overtime wages; (2) failing to pay Plaintiff and Class members all tip wages owed from gratuity payments; (3) failing to authorize and permit Plaintiff and Class members to take rest breaks to which they are entitled by law; (4) failing to compensate Plaintiff and Class members for all hours worked; (5) failing to provide Plaintiff and Class members accurate, itemized wage statements; and (6) failing to timely pay Plaintiff and Class members full wages upon termination or resignation.

7.     Plaintiff files this action to recover all unpaid wages, compensation, penalties, and other damages on behalf of himself, Class, and Collective members under the FLSA as a collective action pursuant to Section 216(b), and under state law as a class action under Federal Rule of Civil Procedure 23. Plaintiff seeks to remedy the sweeping practices Defendants integrated into their gratuity systems, time tracking policies, and payroll policies, that have deprived Plaintiff, Class, and Collective members of their lawfully earned wages.

## SUBJECT MATTER JURISDICTION AND VENUE

8.     This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, et seq. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendants employ numerous workers in this district, including Plaintiff, and a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district. Defendants are subject to personal jurisdiction here.

## PARTIES

10.     Plaintiff Benjamin Zermeno is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of the State of California, County of Los Angeles.  Plaintiff was employed as a lounge attendant and server by Defendants at their Beverly Hills Marriott location in Los Angeles, California from approximately December 2018 until August 2019.

11.     The FLSA Collective members are people who are or who have been employed by

Defendants as hourly non-exempt employees, including but not limited to, servers, waiters, bartenders, lounge attendants, and other similar hourly and non-exempt employees throughout the United States within the three years preceding the filing of this Complaint.

12. The Class members are all people who are or who have been employed by Defendants as hourly non-exempt employees, including but not limited to, servers, waiters, bartenders, lounge attendants, and other similar hourly and non-exempt employees throughout the State of California within the four years preceding the filing of this Complaint.

13. Plaintiff is informed, believes, and thereon alleges that Defendant Marriott International, Inc. is a Delaware corporation with its principal place of business in Maryland, and is registered to do business in California. Marriott International, Inc. may be served with process by serving its registered agent, CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

14. Plaintiff is informed, believes, and thereon alleges that Defendant Marriott Hotel Services, Inc. is a Delaware corporation with its principal place of business in Maryland, and is registered to do business in California. Marriott Hotel Services, Inc. may be served with process by serving its registered agent, CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

15. Plaintiff is informed, believes, and thereon alleges that Defendant Remington Lodging & Hospitality, LLC is a Delaware limited liability company with its principal place of business in Texas, and is registered to do business in California. Remington Lodging & Hospitality, LLC may be served with process by serving its registered agent, CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

16. Upon information and belief, Defendant Marriott International, Inc. is the corporate parent of both Marriott Hotel Services, Inc. and Remington Lodging & Hospitality, Inc.

17. Plaintiff is informed, believes, and thereon alleges that at all times mentioned in this Complaint, Defendants were the agents and employees of their co-defendants and in doing the things alleged in this Complaint were acting within the course and scope of such agency and employment.

18.     Plaintiff is informed, believes, and thereon alleges that Defendants maintain hotels throughout the United States, including in California. Plaintiff is informed, believes, and thereon alleges that Defendants employ Class and Collective members, among other hourly employees, throughout the United States, including in California.

19.     Plaintiff is informed and believes that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

20.     Plaintiff is informed, believes, and thereon alleges that Marriott International, Inc., directly controls the operations of its subsidiaries and agents. Plaintiff is informed, believes, and thereon alleges that Marriott International, Inc. jointly exercised control over Plaintiff, Class, and Collective members with respect to their employment with Marriott Hotel Services, Inc. and/or Remington Lodging & Hospitality, Inc.

21.     As employers of Plaintiff, Class and Collective members throughout the relevant time periods, Defendants, and each of them, are solely, jointly, and severally liable for penalties for violating the Labor Code with respect to the employment of Plaintiff, Class and Collective members.

22.     At all material times, Defendants have done business under the laws of California, have places of business in the State of California, including in this judicial district, and have employed Class members in this judicial district. Defendants are a "person" as defined in California Labor Code § 18 and California Business and Professions Code § 17201. Defendants are also "employers" as that term is used in the California Labor Code and the IWC Wage Orders.

23.     Defendants each individually and/or jointly own, operate, and/or manage hotels throughout California and the United States.

24.     At all material times, Defendants have been employers, both jointly and in their individual capacities, within the meaning of the FLSA under 29 U.S.C. § 203(d).

25.     At all material times, Defendants have been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Zermeno, et al. v. Marriott International, Inc., et al.*

26.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

27.     Defendants acted as joint employers of Plaintiff because they jointly, directly, or indirectly, controlled the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff. Upon information and belief, Defendants each employed Class and Collective members jointly with the other the Defendant and/or with currently unknown entities, because Defendants jointly, directly or indirectly, controlled the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated employees.

28.     Defendants have had, and continue to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

29.     In addition to Plaintiff, Defendants have employed numerous other employees, who like Plaintiff, are non-exempt hourly employees engaged in interstate commerce.

30.     Plaintiff and Collective members were and are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

31.     At all material times, Plaintiff and Collective members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

32.     Defendants Marriott International, Inc and Marriott Hotel Services, Inc., according to their website, operate and/or manage a litany of hotels, restaurants, and resorts, and employ Class and Collective members, throughout the State of California and in the United States.

33.     Defendant Remington Lodging & Hospitality, LLC, according to its website, operates and/or manages multiple hotels, and employs Class and Collective members, throughout the State of California and in the United States.

## FACTUAL ALLEGATIONS

34.     Defendants operate hotels throughout the United States and California, including the Beverly Hills Marriott, which is located in Los Angeles, California. Defendants employ hundreds of hourly non-exempt workers similarly situated to Plaintiff across these facilities.

35.     Plaintiff worked at the Beverly Hills Marriott as a lounge attendant and server from approximately December 2018 to August 2019. Plaintiff was paid at an hourly rate of about $16.37 plus tips. On average, Plaintiff was scheduled to work 6 to 8 hours per shift, 4 days week, for an average of 24 to 40 hours in a week. Occasionally, Plaintiff was scheduled to work over 40 hours in a week.

36.     Plaintiff worked more than 40 hours in a week on at least one workweek during the three years before this Complaint was filed.

37.     Upon information and belief, Class and Collective members worked more than 8 hours per day and more than 40 hours in at least one workweek during the three years before this Complaint was filed.

38.     Class and Collective members were and are employed by Defendants and perform work materially similar to Plaintiff.

39.     Class and Collective members report to a facility owned, operated, or managed by Defendants to perform their jobs.

40.     Class and Collective members perform their jobs under Defendants' supervision and using materials and technology approved and supplied by Defendants.

41.     Class and Collective members are required to follow and abide by common work, time, pay, meal and rest break, and overtime policies and procedures in the performance of their jobs.

42.     At the end of each pay period, Class and Collective members receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

43.     Defendants pay Class and Collective members on an hourly rate basis

44.     As a matter of course, Defendants routinely add a service charge of 12.5% to their in-room dining bills. These service charges have been in the form of automatic charges which customers are required to pay, and which reasonably appear to be gratuities for the service staff.

45.     It is typically customary in the hospitality industry that establishments impose gratuity charges in the range of 15% to 20% of the food and beverage bills. Thus, it is reasonable for customer who have paid these mandatory service charges, to believe those service charges are gratuities to be

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Zermeno, et al. v. Marriott International, Inc., et al.*

paid to the service staff. Indeed, because of the way these service charges are depicted to customers, and the custom in the food and beverage industry that gratuities range of 15% to 20% are paid for food and beverage service, customers pay these charges reasonably believing they were to be remitted to the service staff as gratuities.

46.     However, Defendants do not remit the total proceeds of these service charges to the non-managerial employees who serve the food and beverages. Instead, Defendants have a policy and/or practice of retaining for themselves a portion of those service charges and/or using a portion of the service charges to pay managers or other non-service employees. As a result, Plaintiff and Class members do not receive the total proceeds of the service charges as gratuities, to which they are entitled under California law.

47.     As a matter of policy and/or practice, Defendants also fail to authorize and/or permit Plaintiff and Class members to take compliant rest breaks. Plaintiff is informed, believes, and thereon alleges that this policy and practice applies to all Class members throughout California.

48.     Beyond Defendants' failure to authorize or permit rest breaks, Plaintiff and Class members schedules are too busy, Plaintiff and Class members stand to lose too much income from tip wages, and Defendants' pressure to complete job assignments too constant, for Plaintiff and Class members to take compliant rest breaks.

49.     Further, Defendants fail to pay Plaintiff and Class members premium wages for their missed breaks. This uniformly violates California law.

50.     In addition to working through their rest breaks periods, Plaintiff, Class, and Collective members also perform work while "off-the-clock" with Defendants' knowledge, and are denied compensation for the time spent engaged in this off-the-clock work. Defendants require Plaintiff, Class, and Collective members to clock in and out of work using company-issued software. Class and Collective members are sometimes asked to clock out at the end of their schedules shifts and perform work while off-the-clock for the benefit of Defendants, including cleaning, vacuuming, mopping, picking up glassware, and other similar tasks. This is largely due to understaffing.

51.     As a result of this off-the-clock work, Plaintiff, Class and Collective members are not

adequately compensated for all hours worked at their regular rate or at the applicable overtime rates. On average, Plaintiff worked approximately 30 to 60 additional minutes of work while off-the-clock twice per month as a lounge attendant, and 30 to 60 minutes of off-the-clock work 3 times per month as a server.

52.     When Plaintiff and Collective members work more than forty hours in a workweek, Defendants fail to pay them one and one-half times their regular hourly rate for all overtime hours worked in violation of the FLSA.  Defendants fail to account for "off-the-clock" work in the total hours worked in a given work week.

53.     Similarly, Plaintiff and Class members are often denied overtime for all work performed in excess of eight hours per day or 40 hours per week in violation of California law.

54.     As a result of these policies and/or practices, Defendants deny Plaintiff and Class members gratuities which they are lawfully owed and rest periods to which they are statutorily entitled, and deny Plaintiff, Class, and Collective members overtime premiums resulting from the additional off-the-clock work performed for Defendants' benefit.

55.     Plaintiff is informed, believes, and thereon alleges that the same gratuity system and timekeeping system are used across all Defendants' facilities.

56.     Defendants' common course of wage-and-hour abuse results in routinely failing to maintain true and accurate records of the hours worked by Class and Collective members. In particular, Defendants have failed to record hours that Plaintiff, Class, and Collective members worked while off-the-clock.

57.     Defendants' failure to record all gratuity payments and all hours worked also results in a failure to provide Class members, including Plaintiff, accurate itemized wage statements as required by California law. The wage statements Defendants provide are not accurate because they do not reflect the actual wages earned as gratuity payments, nor the actual hours worked by Plaintiff and Class members. The wage statements do not contain all of the service charges that should be paid as gratuity payments, premium pay for missed breaks, and do not contain all of the off-the-clock work. Further, the wage statements are inaccurate because they do not include premium pay for

missed breaks and for overtime.

58.     Further, Defendants do not provide Class members, including Plaintiff, whose employment has ended, with full payment of all wages owed at the end of their employment. As these workers are owed for off-the-clock work, unpaid overtime, and premium pay when their employment ends, and these amounts remain unpaid under Defendants' policies and practices, Defendants fail to pay all wages due upon termination. As a consequence, Defendants are subject to waiting time penalties.

59.     Defendants have employed hundreds of people similarly situated to Plaintiff during the four-year period prior to the filing of this Complaint.

60.     Defendants' method of paying Plaintiff, Class, and Collective members was willful, and was not based on a good faith and reasonable belief that their conduct complied with either the FLSA or California law.

61.     Defendants' conduct was willful, carried out in bad faith, and caused significant damages to non-exempt hourly employees in an amount to be determined at trial.

62.     Plaintiff, through his counsel, sent a written request for his personnel records, payroll records, and any written instruments constituting a written agreement to Defendants on May 20, 2020. Defendants did not timely respond to the written request and did not produce any of the request personnel or payroll records.

## FLSA COLLECTIVE ACTION ALLEGATIONS

63.     Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) as to claims for failing to pay Plaintiff and Collective members for all hours worked, including overtime compensation for all hours worked over 40 hours per week, liquidated damages, and attorneys' fees and costs under the FLSA.  The FLSA Collective that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly, non-exempt employees, including but not limited to servers, waiters, bartenders, lounge attendants, or other employees with similar job duties employed by Defendants Marriott International, Inc., and/or Marriott Hotel Services, Inc. and/or Remington Lodging & Hospitality, Inc., nationwide during the time**

**period three years prior to the filing of the original Complaint until resolution of this action (the "Collective").**

64.    Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because his claims are similar to the claims possessed by the Collective members.

65.    Plaintiff and Collective members have been denied all overtime compensation owed for time worked in excess of 40 hours in a workweek, including for work performed while "off-the-clock". In addition, Collective members have also been denied overtime pay for this work and would therefore likely join this collective action if provided a notice of their rights to do so, together with a clear statement that opting to join such an action would not result in termination or other forms of retaliation.

66.    Plaintiff is similarly situated to Collective members. Like Plaintiff, Defendants subjected Collective members to their common practice, policy, or plan of refusing to pay overtime for all work performed in clear violation of the FLSA.

67.    Collective members similarly situated to Plaintiff work, or have worked, for Defendants and were similarly not paid overtime at the rate of one and one-half times their regular hourly rate when the work performed while "off-the-clock" caused them to work in excess of forty hours per workweek.

68.    Collective members perform or have performed the same or similar work as Plaintiff.

69.    Collective members regularly work or have worked in excess of forty hours during a workweek.

70.    Collective members are not exempt from receiving overtime compensation under the FLSA.

71.    Defendants' failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of FLSA Collective members.

72.    This action may be properly maintained as a collective action on behalf of the defined Collective because, throughout the relevant time period:

a. Defendants maintain common scheduling systems and policies with respect to Plaintiff and Collective members, control the scheduling systems and policies implemented throughout their facilities and retain authority to review and revise or approve the schedules assigned to Plaintiff and Collective members;

b. Defendants maintain common timekeeping systems and policies with respect to Plaintiff and Collective members;

c. Defendants maintain common payroll systems and policies with respect to Plaintiff and Collective members, control the payroll systems and policies applied to Plaintiff and Collective members, and set the pay rates assigned to Plaintiff and Collective members; and

d. Defendants maintain common timekeeping practices with respect to Plaintiff and Collective members' off-the-clock work.

73.    Collective members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek, including for "off-the-clock" work.

74.    Plaintiff and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendants to comply with their obligation to legally compensate their employees. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Collective members. Defendants had a plan, policy or practice of not paying Plaintiff and Collective members for work performed while "off-the-clock."

75.    As such, the Collective of similarly situated Plaintiffs is properly defined as stated above. Plaintiff estimates the Collective, including both current and former employees over the relevant time period, will include upwards of 40 people or more. The precise number of Collective members should be readily available and identifiable from Defendants' personnel, scheduling, time and payroll records, and from input received from Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Collective members are discoverable from Defendants' records.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Zermeno, et al. v. Marriott International, Inc., et al.*

## **RULE 23 CLASS ACTION ALLEGATIONS**

76.     Plaintiff brings causes of action as a class action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The California Class that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly, non-exempt employees, including but not limited to servers, waiters, bartenders, lounge attendants, or other employees with similar job duties employed by Defendants Marriott International, Inc., and/or Marriott Hotel Services, Inc. and/or Remington Lodging & Hospitality, Inc. in California any time starting four years prior to the filing of this Complaint until resolution of this action.**

77.     This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

78.     <u>Numerosity</u>:  The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of California Class members exceeds 40. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the California Class as a plaintiff in this action is impracticable. Furthermore, the identities of the California Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the California Class and Defendants.

79.     <u>Commonality</u>:  There are questions of law and fact common to Plaintiff and the California Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

> a.  Whether Defendants fail to compensate Class members for all hours worked, including as overtime compensation, in violation of the Labor Code and Wage Orders;
>
> b.  Whether Defendants have a policy and/or practice of charging a service fee to customers and failing to remit the entirety of that service fee to Class members as

tip wages;

c.  Whether Defendants have a policy and/or practice of requiring Class members to be under the control of, spend time primarily for the benefit of, and work for Defendants off-the-clock and without compensation;

d.  Whether Defendants fail to properly pay overtime compensation, at one and one-half times the regular rate of pay, to Class members in violation of the Labor Code and Wage Orders;

e.  Whether Defendants fail to authorize and permit, make available, and/or provide Class members with timely rest periods to which they are entitled in violation of the Labor Code and Wage Orders;

f.  Whether Defendants fail to provide Class members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders;

g.  Whether Defendants fail to timely pay Class members for all wages owed upon termination of employment in violation of the Labor Code;

h.  Whether Defendants violate Business and Professions Code §§ 17200 *et seq*., by:

(a)  failing to compensate Class members for all hours worked, including overtime compensation;

(b)  failing to compensate Class members for all tip wages paid to Defendants as a service charge;

(c)  failing to properly pay overtime compensation, at one and one-half times the regular rate of pay, to Class members;

(d)  failing to authorize and permit, make available, and/or provide Class members with timely rest periods to which they are entitled;

(e)  failing to provide putative Class members with timely, accurate itemized wage statements; and

(f)  failing to timely pay putative Class members for all wages owed upon termination of employment; and

i.   The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

80.   <u>Typicality</u>:   Plaintiff's claims are typical of the claims of the California Class. Defendants' common course of conduct in violation of law as alleged herein caused Plaintiff and Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

81.   <u>Adequacy of Representation</u>:   Plaintiff seeks relief for state law violations perpetrated by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

82.   <u>Superiority of Class Action</u>:   A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

83.   In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.

84.   If each individual Class member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial legal resources.

85.     Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

**FIRST CAUSE OF ACTION**
**Violations of 29 U.S.C. § 207**
**Failure to Pay Overtime Compensation for "Off-the-Clock" Work**
**(FLSA Collective Action)**

86.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

87.     Throughout the relevant time period, Defendants suffered and/or permitted Plaintiff and Collective members to work additional time outside of their shifts for work-related tasks. These tasks included, but were not limited to, cleaning, vacuuming, mopping, picking up glassware, and performing various other services for the benefit of Defendants.

88.     Defendants actively discourage Plaintiff and Collective members from logging time outside the parameters set by Defendants. However, due to the demands of the job and understaffing, Plaintiff performed work-related tasks outside of his scheduled shift, after he clocked out. Upon information and belief, Defendants treated Collective members similarly with respect to "off-the-clock" work.

89.     Accordingly, consistent with the policies and procedures set up by Defendants, Plaintiff performed work in excess of forty hours per workweek for which he was not compensated at an overtime rate of pay. Defendants' policies and practices favored Defendants at the expense of Plaintiff and Collective members.

90.     Defendants, and each of them, violated and continue to violate the FLSA when they failed to pay Plaintiff and Collective members for "off-the-clock" work under 29 U.S.C. § 207 as a non-exempt employee. Because of these violations, Plaintiff and Collective members suffered wage losses during weeks where the total time worked (logged and unlogged) exceeded forty hours.

91.     Defendants' failure to pay overtime to Plaintiff and Collective members was willful

and not based on a good-faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and Collective members' claims.

92.    Because of Defendants' willful violation, Plaintiff and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

93.    Plaintiff and Collective members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

94.    Wherefore, Plaintiff and the putative Collective request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Failure to Pay for All Hours Worked Pursuant to the California Labor Code § 204**
**(On Behalf of the Class)**

95.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

96.    Defendants willfully engaged in and continue to engage in a policy and practice of not compensating Plaintiff and putative Class members for all hours worked or spent under their control.

97.    Defendants regularly schedule Plaintiff and the putative Class members to work shifts of 6 to 8 hours. However, Defendants intentionally and willfully require Plaintiff and Class members to complete additional work off-the-clock, in excess of their scheduled shifts. For example, Plaintiff and Class members are asked to clock out at the end of their shifts but finish tasks that could not be completed otherwise due to understaffing. These tasks include, but are not limited to, cleaning, vacuuming, mopping, picking up glassware, and performing various other tasks after clocking out. As a result, Defendants fail to pay Plaintiff and the Class members for all hours worked and fail to track their actual hours worked.

98.    Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

99.     Labor Code § 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

100.     Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

101.     IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

102.     Defendants require Plaintiff and the Class to work off-the-clock without compensation. In other words, Plaintiff and the Class are forced to perform work for the benefit of Defendants without compensation.

103.     In violation of California law, Defendants knowingly and willfully refuse to perform their obligations to provide Plaintiff and the Class with compensation for all time worked. Defendants regularly fail to track the time Plaintiff and the Class actually work or to compensate them for hours worked. Therefore, Defendants committed, and continue to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of Plaintiff's and the Class members' rights. Plaintiff and the Class are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

104.     As a proximate result of the aforementioned violations, Plaintiff and the Class have been damaged in an amount according to proof at time of trial.

105.     Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
**Failure to Pay Overtime Wages Pursuant to Labor Code § 510**
**(On Behalf of the Class)**

106.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

107.     Defendants do not compensate Plaintiff and Class members with appropriate overtime, including time and a half, as required by California law.

108.   Labor Code § 510 provides as follows:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

109.   The IWC Wage Order 4-2001(3)(A)(1) states:

The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

110.   Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

111.   Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."  All such wages are subject to California's overtime requirements, including those set forth above.

112.    Defendants sometimes require Plaintiff and Class members to work in excess of eight hours per day and forty hours per week, but do not compensate them at an overtime rate for all of this work.

113.    Plaintiff and Class members have worked overtime hours for Defendants without being paid overtime premiums in violation of the Labor Code, applicable IWC Wage Orders, and other applicable law.

114.    Defendants knowingly and willfully refuse to perform their obligations to compensate Plaintiff and the Class members for all premium wages for overtime work. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiff and the Class members in amounts to be determined according to proof at time of trial,

115.    Defendants are liable to Plaintiff and the Class alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

116.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Violation of California Business and Professions Code §§ 17200 *et seq.*
Gratuity Violation Pursuant to Labor Code § 351
(On Behalf of the Class)**

117.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

118.    Defendants' conduct, as set forth above, in failing to remit to non-managerial service employees the total proceeds of gratuities added to customers' bills, constitutes a violation of California Labor Code § 351.

119.    This violation is enforceable pursuant to the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.

120.    The violations of California Labor Code § 351, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq*.

121.   The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 et seq. Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

122.   Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

123.   As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

124.   Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and the Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

125.   Plaintiff's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sues on behalf of himself as well as others similarly situated. Plaintiff and putative Class members seek and are entitled to restitution of gratuity payments retained by Defendants, declaratory and injunctive relief, and all other equitable remedies owing to them.

126.   Plaintiff herein takes upon himself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

127.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**Intentional Interference with Advantageous Relations**
**(On Behalf of the Class)**

128.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

129.    An economic relationship was created between Defendants' customers and Plaintiff and Class members at the time the customers were seated at a table that Plaintiff or Class members serviced. At that time, Plaintiff and Class Members served Defendants' customers under the established custom and practice in the hospitality industry that they would receive a gratuity at the end of the relationship that correlated to the level of service provided.

130.    Defendants were aware of the relationship between its customers and Plaintiff and the Class Members.

131.    Pursuant to the established custom and practice, Defendants' customers left gratuities for Plaintiff and the Class Members, including the mandatory service fee imposed by Defendants. Defendants wrongfully and in violation of California Labor Code § 351 failed to remit the total proceeds of gratuities added to customers' food and beverage bills to non-managerial service employees.

132.    Defendants' intended to, and/or knew that, by doing so they would disrupt the economic relationship between Defendants' customers and Plaintiff and the Class Members in that their conduct would reduce the gratuities received by Plaintiff and the Class Members for their work.

133.    Defendants' violation of Labor Code §351 did disrupt the economic relationship between Defendants' customers and Plaintiff and the Class Members.

134.    As a direct and proximate result of Defendants' interference, Plaintiff and Class Members suffered harm in that they did not receive the full value of the gratuities left to them by Defendants' customers.

135.    Plaintiff and Class members seek restitution, compensatory relief, and equitable relief.

136.     Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff and Class members are also entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

137.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**SIXTH CAUSE OF ACTION**
**Conversion**
**(On Behalf of the Class)**

138.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

139.     Defendants' conduct in failing to remit the total proceeds of gratuities added to customers' food and beverage bills to non-managerial service employees constitutes conversion under California law.

140.     Plaintiff and Class members had a right of possession to the service fees paid by customers, who intended upon reasonable belief that the service fees would be remitted in total to Plaintiff and Class members as gratuity payments pursuant to the known custom in the hospitality industry that "service fees" are meant as gratuity payments to the service workers.

141.     Defendants intentionally and substantially interfered with Plaintiff and Class members' right of possession to the service fees paid by customers as gratuity payments, by taking possession of a portion of the service fees that were meant to be remitted to Plaintiff and Class members.

142.     Plaintiff and Class members did not consent to such an interference, and are directly and proximately harmed as a result of Defendant's conduct in taking a portion of the service fees.

143.     Plaintiff and Class members seek restitution, compensatory relief, and equitable relief.

144.     Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff and Class members are also entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

145.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

/ / /

/ / /

**SEVENTH CAUSE OF ACTION**
**Unjust Enrichment**
**(On Behalf of the Class)**

146.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

147.    Defendants' conduct as set forth above constitutes unjust enrichment under California state common law. Specifically, Defendants misappropriated funds that Defendants' customers reasonably believed and intended to be gratuity payments to Plaintiff and Class members. Defendants' misappropriated these funds by deceitfully labelling a mandatory surcharge as a "service fee," which reasonably leads customers to believe such a "service fee" would be remitted in total to the service workers as a gratuity, i.e., the gratuity fee for the service rendered.

148.    Defendants were unjustly enriched by receipt of the monetary benefit from the "service fees" charged to customers at the expense of Plaintiff and Class members, who were the original intended recipients of those "service fees" according to the known custom in the hospitality industry.

149.    Defendants should therefore be required to disgorge all ill-gotten gains as a result of failing to remit the entirety of gratuity proceeds charged to Defendants' customers to service employees.

150.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**EIGHTH CAUSE OF ACTION**
**Failure to Authorize and Permit and/or Make Available Rest Periods**
**Pursuant to Labor Code § 226.7**
**(On Behalf of the Class)**

151.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

152.    Defendants regularly fail to make rest periods available to Plaintiff and Class members. Plaintiff's and Class members' schedules regularly prevent them from taking rest periods throughout the day. Plaintiff and Class members do not receive premium pay for their missed breaks as required by California law.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Zermeno, et al. v. Marriott International, Inc., et al.*

153.    Labor Code § 226.7 and the applicable Wage Order require employers to authorize and permit employees to take ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the ten-minute rest period, the employee is considered "on duty" and the rest period is counted as time worked under the applicable Wage Orders.

154.    Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize, permit, and/or make available a required rest period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted.

155.    Despite these requirements, Defendants have often knowingly and willfully refused to perform their obligations to authorize and permit and/or make available to Plaintiff and the Class the ability to take the rest periods to which they are entitled. Defendants have also failed to pay Plaintiff and the Class one hour of pay for each rest periods that they are denied. Defendants' conduct described herein violates Labor Code § 226.7.  Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and the Class are entitled to compensation for the failure to authorize and permit and/or make available rest periods, plus interest, attorneys' fees, expenses and costs of suit.

156.    As a proximate result of the aforementioned violations, Plaintiff and the Class have been damaged in an amount according to proof at time of trial.

157.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**NINTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements Pursuant to Labor Code § 226**
**(On Behalf of the Class)**

158.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

159.    Defendants do not provide Plaintiff and Class members with accurate itemized wage statements as required by California law.

160.    Labor Code § 226(a) provides:

An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

161.   IWC Wage Order 4-2001(7) establishes similar wage statement requirements.

162.   Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

163.   Plaintiff seeks to recover actual damages, costs and attorneys' fees under this section.

164.   Defendants do not provide timely, accurate itemized wage statements to Plaintiff and putative Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders. The wage statements Defendants provide their employees, including Plaintiff and putative Class members, do not accurately reflect the actual hours worked, tip wages earned, actual gross wages earned, or actual net wages earned.

165.   Defendants are liable to Plaintiff and the putative Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore,

Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

166.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### TENTH CAUSE OF ACTION
**Waiting Time Penalties Pursuant to Labor Code §§ 201-203**
**(On Behalf of the Class)**

167.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

168.    Defendants do not provide Class members with their wages when due under California law after their employment with Defendants ends.

169.    Labor Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

170.    Labor Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

171.    Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

172.    Plaintiff and some of the putative Class members left their employment with Defendants during the statutory period, at which time Defendants owed them unpaid wages. These earned, but unpaid, wages derive from both the tip wages retained by Defendants as well as the time spent working for the benefit of Defendants, which went unrecorded and/or uncompensated.

173.    Defendants willfully refused and continue to refuse to pay Plaintiff and Class members all the wages that were due and owing to them, in the form of uncompensated tip wages, off-the-

clock time, overtime, and rest period premium pay, upon the end of their employment as a result of Defendants' willful failure to provide Class members with payment for all hours worked, overtime, and rest breaks. As a result of Defendants' actions, Plaintiff and Class members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

174.    Defendants' willful failure to pay Plaintiff and Class members the wages due and owing them constitutes a violation of Labor Code §§ 201-202.  As a result, Defendants are liable to Plaintiff and Class members for all penalties owing pursuant to Labor Code §§ 201-203.

175.    In addition, Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, the Class members are entitled to penalties pursuant to Labor Code § 203, plus interest.

176.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## ELEVENTH CAUSE OF ACTION
### Penalties for Failure to Furnish Records Pursuant to Labor Code §§ 1198.5, 432, and 226
### (On Behalf of Plaintiff individually against Defendants)

177.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

178.    California Labor Code § 1198.5(a) states that "[e]very current and former employee, or their representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee." "The employer shall make the contents of those personnel records available for inspection . . . not later than 30 calendar days from the date the employer receives a written request" unless the parties agree in writing to a date beyond 30 calendar days. *Id.* § 1198.5(b)(1). If an employer fails to permit an employee or their representative to inspect or copy personnel records within the time specified by § 1198.5, the employee may recover a penalty of $750 from the employer. *Id.* § 1198.5(k).

179.    California Labor Code § 432 states: "If an employee or applicant signs any instrument relating to the obtaining or holding of employment, he [or she] shall be given a copy of the instrument upon request." Documents covered by § 432, including potential employment agreements, are also

covered by § 1198.5.

180.    California Labor Code § 226(c) states, in part: "An employer who receives a written or oral request to inspect or receive a copy of records [pertaining to a current or former employee's pay records] shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request." If the employer fails to comply with this written request for pay records within that 21-day time period "entitles the current or former employee . . . to recover a seven-hundred-fifty-dollar ($750) penalty from the employer." *Id.* § 226(f).

181.    On May 20, 2020, Plaintiff Zermeno, through his representative counsel, made a written request for his personnel files and records relating to his performance or to any grievance pursuant to Labor Code § 1198.5, any instrument signed by Mr. Zermeno relating to obtaining or holding employment pursuant to Labor Code §432, and his payroll records pursuant to Labor Code § 226. Defendants failed to respond or otherwise comply with the statutory requirements to make this information available to Plaintiff within 30 days of receiving the written request.

182.    Accordingly, Plaintiff is entitled to recover $750 for Defendants' failure to make his personnel records available, and an additional $750 for Defendants' failure to make his payroll records available. Plaintiff is also entitled to recover his reasonable attorneys' fees and costs pursuant to Labor Code § 1198.5(l).

183.    Wherefore, Plaintiff requests relief as hereinafter provided.

**TWELFTH CAUSE OF ACTION**
**Violation of California Business and Professions Code §§ 17200 *et seq.***
**(On Behalf of the Class)**

184.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

185.    California Business and Professions Code § 17200, *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

186.    Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

187.     Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

188.     Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

a.   violations of Labor Code § 1194 and IWC Wage Order 4-2001 pertaining to payment of wages;

b.   violations of Labor Code § 510 and Wage Order 4-2001 pertaining to overtime;

c.   violations of Labor Code §§ 226.7 and Wage Order 4-2001 pertaining to rest breaks;

d.   violations of Labor Code § 226 regarding accurate, timely itemized wage statements;

e.   violations of Labor Code § 351 for failure to remit to non-managerial service employees the total proceeds of gratuities added to Defendants' customers bills; and

f.   violations of Labor Code §§ 201-203 pertaining to waiting time penalties.

189.     The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq*.

190.     The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 *et seq*. Among other things, the acts and practices have taken from Plaintiff and the Class

wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

191.    Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

192.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

193.    Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and the Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint. Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of himself as well as others similarly situated. Plaintiff and putative Class members seek and are entitled to gratuity payments retained by Defendants, unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

194.    Plaintiff herein takes upon himself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

195.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of the Class and Collective members, requests the

following relief:

1.    For an order certifying that the First Cause of Action in this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the Collective, apprising them of the pendency of this action, and permitting them to assert their FLSA claims;

2.    For an order equitably tolling the statute of limitations for the potential members of the Collective;

3.    Damages and restitution according to proof at trial for all unpaid gratuities, wages and other injuries, as provided by the FLSA, California Labor Code, and California Business and Professions Code;

4.    For a declaratory judgment that Defendants violated the FLSA, California Labor Code, California law, and public policy as alleged herein;

5.    For a declaratory judgment that Defendants violated California Business and Professions Code §§ 17200 *et seq*. as a result of the aforementioned violations of the California Labor Code;

6.    For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

7.    For an order requiring Defendants to disgorge all profits and other ill-gotten gains resulting from their failure to remit the entirety of gratuities to non-managerial service employees;

8.    For an equitable accounting to identify, locate, and restore to all current and former employees the gratuities and wages they are due, with interest thereon;

9.    For an order awarding Plaintiff and the Class members compensatory damages, including gratuities owed, lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money/property, actual damages, and all other sums of money owed to Plaintiff and Class members, together with interest on

these amounts according to proof;

10.   For an order awarding Plaintiff and Class members civil penalties pursuant to the California Labor Code, and the laws of the State of California, with interest thereon;

11.   For an order awarding reasonable attorneys' fees as provided by the California Labor Code, California Code of Civil Procedure § 1021.5, the laws of the State of California, the FLSA, and/or other applicable law;

12.   For all costs of suit;

13.   For interest on any penalties awarded, as provided by applicable law; and

14.   For such other and further relief as this Court deems just and proper.


Respectfully submitted,

Date: July 15, 2020

_____*/s/ Carolyn H. Cottrell*_____
Carolyn H. Cottrell
Ori Edelstein
Kristabel Sandoval
SCHNEIDER WALLACE
COTTRELL KONECKY LLP


Attorneys for Plaintiff, Class, and Collective Members

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to

3

a jury.

4

Respectfully submitted,

5

Date: July 15, 2020

6

_____*/s/ Carolyn H. Cottrell*_____

7

Carolyn H. Cottrell
Ori Edelstein

8

Kristabel Sandoval
SCHNEIDER WALLACE

9

COTTRELL KONECKY LLP

10

11

Attorneys for Plaintiff, Class and Collective Members

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28